UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14003-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LINDA SANCHEZ VASQUEZ,
a/k/a "V.P.V.",

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon a request for me to conduct a Change of Plea Hearing. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

    1.    I convened a hearing to permit the Defendant to change her plea in this criminal case on March 9, 2022. The hearing was interpreted to the Defendant by the Court's Spanish language interpreter. The Defendant indicated to me that she was able to understand what was being said to her throughout the hearing.

    2.    I advised the Defendant of her right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that she did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing

instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. DE 11. Defendant indicated to me that the Plea Agreement was interpreted to her by a Spanish language interpreter, she understands the Plea Agreement and agrees to its contents. I reviewed the Plea Agreement on the record and had the Defendant acknowledge that she signed the Plea Agreement.

5. The Defendant pleaded guilty to the Information, which charges her with false statement in application and use of a passport, in violation of Title 18, United States Code, Section 1542.

6. I reviewed with the Defendant the applicable statutory maximum penalties. The Defendant acknowledged that she understands the statutory penalties that apply in her case.

7. I also advised the Defendant that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant acknowledged her understanding that no one, including her attorney or the Court, can predict to a certainty the effect of her conviction on her immigration status since that is the subject of another court and proceeding. Defendant affirmed that she wants to plead guilty regardless of any immigration consequences her plea may entail, even if the consequence is her automatic removal from the United States.

8. The parties agree in the Plea Agreement to make certain recommendations to the District Court regarding the sentence to be imposed in this case, including a joint recommendation that the Court impose a sentence at the low end of the guideline range. I explained to the Defendant that, although the parties may agree to make these recommendations, they are not binding on the probation office or the District Court, and the Defendant may not withdraw her plea based upon the District Court's decision not to accept these or any other sentencing recommendations.

9. The Plea Agreement contains an appeal waiver in which the Defendant waives her right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to the Defendant. The Defendant acknowledged that she understands the appeal waiver, has discussed it with her attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, she has waived or given up her right to appeal. As a result, I recommend to the District Court that the Defendant be found to have knowingly and voluntarily waived her right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

10. The parties submitted a written Acknowledgement of Offense Elements and Stipulation as to Factual Basis for Guilty Plea ("Stipulation") which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. DE 12. The Defendant indicated to me that the Stipulation was interpreted to her by a Spanish language interpreter. She acknowledged that she signed the Stipulation, understands it, and has had the opportunity to fully discuss it with her attorney. The Defendant agreed that the Stipulation is true and correct, and accurately sets forth the facts in her case as she understands them to be. The Stipulation was read into the record. I find that it sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

11. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters her plea of guilty to the sole count of the Information freely and voluntarily. I accept her guilty plea and recommend to the District Court that it adjudicate her guilty as charged.

12. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, I recommend to the District Court that the Defendant's plea of guilty to the sole count of the Information be accepted; that the Defendant be adjudicated guilty of the offense to which she pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 16th day of March, 2022.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE